IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WALTER STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>CCC CROSSROADS CORRECTIONAL TRANSPORT OFFICER MR. WATTS,<br><br>Defendant. | CV 15-00044-GF-BMM-JTJ<br><br><br><br>ORDER |

Plaintiff Walter Stewart is a prisoner proceeding in forma pauperis and without counsel. He has filed the following three documents:

(1) "Plaintiff Objection filed 12/08/15 and, Local Rule 7.1. Appointment of Counsel" (Doc. 26);

(2) "Notice and Supplement Motion was filed L.R. 7.1(d)(1) attached motion exhibits" (Doc. 27); and

(3) "Notice of Motion for Extention [sic] of Time" (Doc. 28).

Stewart's Objection (Doc. 26) will be construed as a motion for reconsideration of the Court's December 8, 2015 Order (Doc. 20) denying Stewart's Motion for Protective Order (Doc. 15) and Motion for Appointment of

1

Counsel (Doc. 17). That motion will be denied.

Stewart's "Notice and Supplement" (Doc. 27) will be construed as a motion to amend and as such will also be denied.

The undersigned construes the "Notice of Motion for Extention [sic] of Time" (Doc. 28) as a motion for extension of time to file a response to Defendant's Motion for Summary Judgment. The motion will be granted.

**I. Motion for Protective Order**

The Court denied Mr. Stewart's motion for protective order because he failed to comply with Local Rule 7.1; there was no indication in the motion that Mr. Stewart consulted opposing counsel regarding whether there was an objection to the motion. *See* D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."). Mr. Stewart now represents that he has no phone privileges but that he sent "a copy" to Defendant and has not received an answer. Defendant responded to the motion, indicating that Mr. Stewart apparently had some access to a telephone because he had previously called counsel to discuss the case while Mr. Stewart was incarcerated in the Big Horn County Jail. In addition, Defendant argues Mr. Stewart could have mailed a letter in order to comply with Local Rule 7.1.

2

While there is still a question regarding whether Mr. Stewart complied with Local Rule 7.1, out of an abundance of caution, the Court will consider the motion.

As set forth in the Court's prior Order, Mr. Stewart's motion for protective order was incomprehensible. He states: "documents withheld for exhibits are breach of contract, based on under staff shutdown CCC at Idaho and another state." (Motion for Protective Order, Doc. 15.) It is still unclear what Mr. Stewart is seeking to protect or if in fact he is seeking to withhold or request documents. Without a clearer understanding of what Mr. Stewart seeks to protect, the motion must be denied.

To the extent Mr. Stewart's motion is a discovery request, it must also be denied. First, discovery is not to be filed with the Court. L.R. 26.2(a). Second, as counsel for Defendant points out, the Court's Scheduling Order requires the parties to file disclosure statements prior to initiating discovery. (Doc. 8 at 3, 6.) Mr. Stewart must file his disclosure statement in compliance with the Court's Scheduling Order prior to beginning discovery.

## II. Motion for Appointment of Counsel

A party cannot simply file a motion for reconsideration. The Local Rules for this Court require that a party must first move for leave to file a motion for

reconsideration. A motion for leave to file a motion for reconsideration must specifically meet at least one of the following two criteria:

(1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

(2) new material facts emerged or a change of law occurred after entry of the order.

In his motion, Mr. Stewart simply argues the merits of his claims. He has not shown a change in circumstances, facts or law that are materially different from the facts or law previously presented to the Court, or new facts or a change of the law since the entry of the order. Mr. Stewart has still not made a sufficient showing of exceptional circumstances sufficient to request counsel to represent Mr. Stewart. Defendant has now filed a motion for summary judgment on the grounds that Mr. Stewart failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. The Court will not request the assistance of counsel in light of this pending motion.

### III. Notice and Supplement (Doc. 27)

Mr. Stewart has also filed a document entitled "Notice and Supplement"

(Doc. 27), which will be construed as a motion to amend. The motion will be denied for several reasons. First, the Court's Local Rules require that when a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit. L.R. 15.1. Mr. Stewart has not provided a proposed pleading; therefore, it is impossible for the Court to know what claims he seeks to bring regarding the parties he seeks to add.

Second, Mr. Stewart seeks to add the United States Marshals as a new plaintiff in this case. 28 U.S.C. § 1654 establishes the right of an individual to represent oneself in all federal courts of the United States. "Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). However, that privilege is personal to the litigant. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Non-lawyers may not represent other persons in federal court. *Simon,* 546 F.3d at 664 ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). Because Mr. Stewart is not a lawyer authorized to practice in this Court, he may not represent and pursue relief on behalf of anyone other than himself. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may

not appear or seek relief on behalf of others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("[a] litigant appearing in propria persona has no authority to represent anyone other than himself").

As such, Mr. Stewart may not proceed in this matter on behalf of the United States Marshals, and his request to add them as a plaintiff in this action will be denied.

Mr. Stewart also apparently seeks to add Crossroads Correctional Center as a defendant in this case, but since he has not submitted a proposed pleading, it is unclear what claims he is trying to bring.

The Notice and Supplement (Doc. 27) as construed as a motion to amend will be denied.

## IV. Motion for Extension

Mr. Stewart filed a document entitled "Notice of Motion for Extention [sic] of Time." (Doc. 28.) To the extent Mr. Stewart is seeking an extension of time to file a response to Defendant's Motion for Summary Judgment, the Court will grant a short extension. Mr. Stewart is advised that his failure to respond to Defendant's Motion for Summary Judgment may result in a recommendation that his case be dismissed.

Based upon the foregoing, the Court issues the following:

# ORDER

1. Mr. Stewart's Objection (Doc. 26) as construed as a Motion for Reconsideration of the denial of his Motion for Protective Order (Doc. 15) and Motion for Appointment of Counsel (Doc. 17) is **DENIED**.

2. Mr. Stewart's "Notice and Supplement" (Doc. 27) as construed as a motion to amend is **DENIED**.

3. Mr. Stewart's Motion for Extension of Time (Doc. 28) is **GRANTED**. On or before February 12, 2016, Mr. Stewart shall file his response to Defendant's Motion for Summary Judgment and a Statement of Disputed Facts, together with any supporting documents. As set forth in Local Rule 56.1(b), the "Statement of Disputed Facts" must:

> (1) set forth verbatim the moving party's Statement, adding only:
>     (A) whether each fact in the moving party's Statement is "undisputed" or "disputed"; and,
>     (B) if "disputed," pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to oppose each fact; and
> (2) set forth in serial form:
>     (A) each additional fact on which the party relies to oppose the motion;
>     (B) pinpoint cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to support each additional fact.

4. At all times during the pendency of this action, Mr. Stewart must advise

the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 4th day of January, 2016.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge