IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WALTER STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>CCC CROSSROADS CORRECTIONAL TRANSPORT OFFICER MR. WATTS,<br><br>Defendant. | CV 15-00044-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Walter Stewart, an inmate proceeding in forma pauperis and without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983. He alleges that on October 4, 2013, while he entered a prison transport van, Officer Watts threw him down and injured him. (Amended Complaint, Doc. 4.) On December 16, 2015, Defendant filed a motion for summary judgment, arguing Mr. Stewart failed to exhaust his administrative remedies within the prison before filing his lawsuit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The motion should be granted. In light of this recommendation, the undersigned will deny Mr. Stewart's motion for leave to file a second amended complaint (Doc. 48).

I. **SUMMARY JUDGMENT STANDARD**

The Ninth Circuit in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en

1

banc), held that the proper procedural device for determining whether a party exhausted administrative remedies is a motion for summary judgment. *Id*. at 1168. Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

By notice provided on December 16, 2015 (Doc. 23), the Court advised Mr. Stewart of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. UNDISPUTED FACTS

In his Amended Complaint, Mr. Stewart alleges that the incident giving rise to his claims against Officer Watts occurred on October 4, 2013. (Doc. 4). At all times relevant to his Complaint, Stewart was housed at Crossroads Correctional Center (CCC), and he was an inmate in the custody of the United States Marshal's Service (USMS). (Statement of Undisputed Facts (SUF), Doc. 25 at ¶ 2, undisputed; *see* Doc. 33[1].) CCC had a mandatory grievance procedure while Mr. Stewart was incarcerated there. *(Id.* at ¶ 3, undisputed.) At CCC, the grievance procedure differs depending on whether an inmate is in state or federal custody. Federal inmates must comply with CCA Policy 14-5. *(Id.* at ¶ 4, undisputed.)

CCA Policy 14-5 identifies which matters are grievable and which are non-grievable. *(Id.* at ¶ 6, undisputed.) Mr. Stewart's claim that former CCC Officer Watts threw Mr. Stewart down and injured him is a grievable matter. (*Id.*)

CCA Policy 14-5 establishes what is generally a three-step grievance process. (*Id.* at ¶ 7.) To initiate the grievance process, an inmate is generally permitted to file an "informal resolution." (*Id.*) The inmate must file an informal

---

[1] On January 5, 2016, Mr. Stewart filed a document titled "Objections Defendant's L.R. 56.1 Statement of Undisputed Facts." (Doc. 33.) Mr. Stewart responded to paragraphs 1-5 and 8-13 with "N/A." The undersigned presumes for purposes of this Findings that this was an indication that Mr. Stewart did not object to paragraphs 1-5 and 8-13.

resolution within seven calendar days of the alleged incident. (*Id.*) The prison official responding to the informal resolution then has fifteen days to respond or to extend the response deadline in writing. (*Id.*) Mr. Stewart contends that Officer Watts did not mention CCA Policy 14-5 on October 4, 2013. (Stewart's Objections to Defendant's Statement of Undisputed Facts, Doc. 33 at ¶ 7.)

At CCC, USMS inmates, such as Mr. Stewart, "may bypass or terminate the informal resolution process at any point and proceed directly to the formal grievance process." (SUF, Doc. 25 at ¶ 8, undisputed.) As a result, USMS inmates may employ a two-step grievance process if they so choose. (*Id.*)

The second step of the grievance process, or the first step if the inmate skips the optional informal resolution, requires the inmate to file a formal grievance. (*Id.* at ¶ 9, undisputed.) The prison official responding to the formal grievance generally has 15 days to provide a response to the formal grievance to the inmate. (*Id.*)

As the final step of the grievance process, an inmate unsatisfied with prior responses must file an appeal to the Warden/Administrator of the formal grievance response. (*Id.* at ¶ 10, undisputed.) Any appeal must be filed within five calendar days of the date of the response to the inmate's formal grievance. (*Id.*) The Warden/Administrator's response is the final decision in the grievance process.

(*Id*. at ¶ 11, undisputed.)

If an inmate is transferred or released from CCC, efforts to resolve the grievance normally continue. (*Id*. at ¶ 12.)

Mr. Stewart initiated the grievance process for other grievable issues, but he did not initiate or completely exhaust any grievance related to his alleged fall from the transport van on October 4, 2013. (*Id*. at ¶ 13.)

Mr. Stewart admitted on the form he used on July 6, 2015, to file his Amended Complaint that he did not fully exhaust the administrative grievance process at CCC. (Amended Complaint, Doc. 4 at 3.) He failed to provide any explanation for his failure to exhaust the administrative grievance process. (*Id*.) The form complaint states: "If you did not fully exhaust the grievance process, explain why." *Id*. Stewart wrote: "N/A." *Id*.

### III. <u>DISCUSSION</u>

The Prison Litigation Reform Act (PLRA)'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules,

including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 204. The appropriate means of determining whether a defendant has proved a failure to exhaust is governed by the following burden-shifting regime:

> a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. The ultimate burden of proof, however, remains with the defendants.

*Williams v. Paramo*, 775 F.3d 1182, 1190-1191 (9th Cir. 2015) (internal quotations and citations omitted). "[T]here can be no 'absence of exhaustion' unless some relief remains available." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir.2005). Therefore, the defendant must produce evidence showing that a remedy is available "as a practical matter," that is, it must be "capable of use; at hand." *Albino*, 747 F.3d at 1171.

It is undisputed that CCC has an Inmate Grievance Program and Mr. Stewart

was aware of the Program; he filed several grievances on other issues while incarcerated at CCC. (Grievances, Doc. 24-2 at 1-6.) It is also undisputed that Mr. Stewart did not file a timely grievance regarding the October 4, 2013 incident. (Amended Complaint, Doc. 4 at 3.) Mr. Stewart attached to his Complaint three incident reports regarding the October 4, 2013 incident, but the incident reports do not comply with the grievance procedure and were untimely (they are dated March 2015). (Doc. 2-1 at 1-3.) It is undisputed that Mr. Stewart did not submit a timely grievance regarding the incident at issue. As such, he did not complete the grievance process and failed to exhaust his administrative remedies.

Based upon the foregoing, the Court issues the following:

## ORDER

In light of the recommendation that this matter be dismissed based upon Mr. Stewart's failure to exhaust his administrative remedies, the Motion for Leave to File a Second Amended Complaint (Doc. 48) is **DENIED**.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendant's Motion for Summary Judgment should be **GRANTED** (Doc. 21), and this matter should be **DISMISSED**. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to

Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 4th day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.