# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| WALTER STEWART, <br><br> Plaintiff, <br><br> vs. <br><br> CCC CROSSROADS CORRECTIONAL TRANSPORT OFFICER MR. WATTS, <br><br> Defendants. | CV 15-44-GF-BMM-JTJ <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 4, 2016. (Doc. 50.) Stewart timely filed objections the Judge Johnston's Findings and Recommendations on May 14, 2016. (Doc. 51.) The Court reviews de novo Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court will review for clear error the portions of the findings and recommendations to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Where a party's objections, however, constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response, the Court will review the applicable portions of the findings and recommendations for clear error.

*Rosling v. Kirkegard,* 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Stewart alleges that on October 4, 2013, Officer Watts threw Stewart down and injured him as he entered a prison transport van. (Doc. 4.) Watts filed a Motion for Summary Judgment on the basis that Steward has failed to exhaust his administrative remedies within the prison before filing suit in this Court as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Judge Johnston recommends that this Court grant Watts's Motion for Summary Judgment. Judge Johnston accordingly denied Stewart's motion for leave to file a second amended complaint. (Doc. 50 at 1.)

Judge Johnston found it undisputed that CCC possesses an Inmate Grievance Program. Judge Johnston also found that Stewart was aware of the program and that he failed to file a timely grievance regarding the October 4, 2013, incident. As such, Stewart has failed to exhaust his administrative remedies. The Court agrees with Judge Johnston's recommendation that the Court should grant Defendant Watts's Motion for Summary Judgment.

Stewart objects generally to the Findings and Recommendations. These objections simply restate, however, the allegations of the Amended Complaint, the Response/Objection to the Motion for Summary Judgment, and all supplemental

objections. No clear error exists in any of the Magistrate Judge's Findings and Recommendations, therefore,

**IT IS HEREBY ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 50) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that:

1. Defendant Watts' Motion for Summary Judgment (Doc. 21) is **GRANTED** and this matter is **DISMISSED**. The Clerk of Court is directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 1st day of June, 2016.

*Brian Morris* (signature)

Brian Morris
United States District Court Judge